OPINION OF THE COURT
Per Curiam.
Judgment entered May 9, 1984 reversed, without costs, and action dismissed.
By resolution dated June 28, 1983, defendant’s board of trustees specifically excluded as a covered expense under the employee benefit plan "the type of therapy offered by all types of fitness centers”. Plaintiff was personally advised by letter dated July 5, 1983 that any future claims with respect to services rendered by a "cardio-fitness center” would be rejected as being outside the terms of the benefit plan. The board is vested with "sole discretion” and "full authority” to determine questions relating to an employee’s right to receive benefits (Plan of Benefits art 5). In light of the amendment to the plan, and notice of that amendment to plaintiff, defendant’s determination to reject plaintiff’s October 1983 claim for services received at a cardio-fitness center was not arbi *260 trary or capricious, and its determination should be deferred to (see, Gitelson v Du Pont, 17 NY2d 46).
Hughes, J. P., Riccobono and Sandifer, JJ., concur.